UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TABITHA PURSIFULL and<br>TOM PURSIFULL,<br>　　　　　　　*Plaintiffs*,<br><br>　　　*vs.*<br><br>TOWER HILL PRIME<br>INSURANCE COMPANY,<br>TOWER HILL INSURANCE GROUP,<br>LLC, and JOHN DOE I,<br>　　　　　　　*Defendants.* | No. 1:21-cv-02380-JMS-TAB |

**ORDER**

Defendants removed this matter to this Court on the basis of diversity jurisdiction. [Filing No. 1.] In their Notice of Removal, Defendants set forth the citizenships of Plaintiffs and Defendant Tower Hill Prime Insurance Company, and the amount in controversy, but argued that Defendant Tower Hill Insurance Group, LLC ("Tower Hill Insurance Group") was fraudulently joined and its citizenship should be disregarded. [Filing No. 1.] Plaintiffs have now filed a Statement pursuant to Local Rule 81-1, addressing the jurisdictional allegations in the Notice of Removal. In the 81-1 Statement, Plaintiffs state that they "deny Tower Hill Insurance Group (identified in the Complaint as Tower Hill Insurance Group, LLC) was fraudulently joined." [Filing No. 10 at 1.] Plaintiffs further assert that, upon information and belief,[1] Tower Hill

---

[1] The parties are reminded that jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

Insurance Group is a citizen of the State of Florida.  [Filing No. 10.]  This leaves the Court unable to determine whether the facts upon which diversity jurisdiction is based are disputed.

As the removing parties, Defendants have the burden of establishing that the Court has subject-matter jurisdiction, *Farnik v. Federal Deposit Ins. Corp.*, 707 F.3d 717, 721 (7th Cir. 2013), and Defendants should not have removed this case before confirming that diversity jurisdiction exists, *Johnson v. Nat'l Asset Advisors, LLC*, 772 Fed. App'x 328, 329 (7th Cir. 2019). Before the Court will reach the issue of fraudulent joinder, it must know the citizenship of Tower Hill Insurance Group.  The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner."  *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003).  "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."  *Id.* at 543.  Asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient.  *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction).  Rather, Defendants must provide the name and citizenship of each member, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists.  *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir.

2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a Joint Jurisdictional Statement by **November 15, 2021**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If agreement cannot be reached on the contents of a Joint Jurisdictional Statement, competing statements must be filed by that date. To the extent it becomes clear that Tower Hill Insurance Group's citizenship destroys diversity jurisdiction, the Court will then address the fraudulent joinder issue.

Date: 10/21/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**